UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAIN DEVEROUX, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00239-CDB<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO AMEND COMPLAINT<br><br>(Doc. 71) |

　　　　Plaintiffs' Jennifer Valle and Alain Deveroux are the surviving parents of Julien Deveroux (the "Decedent"). In this wrongful death and survival action, Plaintiffs raise claims individually, and as the Decedent's co-successors in interest. (Doc. 1.).

　　　　Pending before the Court is Plaintiffs' motion to amend their complaint, filed on June 12, 2024. (Doc. 71). Defendants filed a statement of non-opposition to Plaintiffs' motion to amend. (Doc. 79). Based on the absence of opposition, the matter is deemed submitted on the record without the need for oral argument pursuant to Local Rule 230(g).

**I.　　Background**

　　　　On October 4, 2023, the Court issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16. (Doc. 48). The Scheduling Order set the pleading amendment deadline for March 11, 2024. *Id*. at 2. Thereafter, the Court entered an order on the parties' stipulation to extend the deadlines in the Scheduling Order. (Doc. 54). Pursuant to the parties' stipulation, the Court extended the pleading amendment deadline from March 11, 2024, to May 6, 2024. *Id*. The Court then entered an order on the parties' second stipulation to amend the Scheduling Order,

extending the pleading amendment deadline to June 7, 2024. (Doc. 66). On June 6, 2024, the Court entered an order on the parties' third stipulation to amend the Scheduling Order, extending the pleading amendment deadline to June 12, 2024. (Doc. 70). Accordingly, Plaintiff's motion to amend is timely filed.

**II.     Discussion**

Because Plaintiffs moved to amend the pleadings prior to the operative deadline set forth by the Scheduling Order, the Court need not consider whether Plaintiffs have shown good cause for their amendment under Fed. R. Civ. P. 16(b). *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, Plaintiffs' motion to amend is considered under the Rule 15 standard for amendment of pleadings. *Id*. Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought, should as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Therefore, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Webb*, 655 F.2d at 979.

Courts consider five factors in determining whether amendment should be granted under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). These factors are not of equal weight since prejudice to the opposing party has been held to be the most important factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party

1  that carries the greatest weight."); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.
2  1990) ("Prejudice to the opposing party is the most important factor."). There is a presumption in
3  favor of granting leave to amend under Rule 15(a). *Eminence Capital*, 316 F.3d 1052.
4      Having considered the merits of Plaintiffs' motion in the light of the factors set forth
5  above, as well as Defendants' non-opposition to the motion, the Court finds that amendment
6  would not unduly prejudice Defendants. The Court further finds that Plaintiffs have not unduly
7  delayed in seeking to amend the complaint, the amendment is not sought in bad faith, and there is
8  no indication that amendment is futile. Accordingly, Plaintiffs' motion to amend their complaint
9  will be granted.

## III. Conclusion and Order

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Amend Complaint (Doc. 71) is GRANTED;
2. Within five (5) days of entry of this order, Plaintiffs shall file the lodged First Amended Complaint (Doc. 71-3) as a standalone docket entry; and
3. Following issuance and service of summonses for any newly added parties, Defendants shall file an answer or other responsive pleading to the First Amended Complaint in compliance with Fed. R. Civ. P. 15(a)(3) and all applicable Local Rules.

IT IS SO ORDERED.

Dated:   **July 3, 2024**

UNITED STATES MAGISTRATE JUDGE