UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAIN DEVEROUX, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF KERN, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00239-CDB<br><br>ORDER DISMISSING DEFENDANT WOODS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 4(m)<br><br>(Docs. 111, 112) |

**Background**

  Plaintiffs, as individuals and co-successors in interest of Julien Deveroux (the "Decedent"), initiated this action with the filing of a complaint against Defendants on February 15, 2023. (Doc. 1). On July 5, 2024, Plaintiffs filed a first amended complaint which, among other things, added numerous Defendants, including Melissa Patterson and Deputy Woods. (Doc. 81). Plaintiffs' operative complaint asserts civil rights causes of action pursuant to 42 U.S.C. § 1983 and state law. Plaintiffs' claims stem from the Decedent's in-custody death on or about January 14, 2022, and allegations his death is attributable to Defendants' unconstitutional excessive force and deliberate indifference and failure to perform other legal duties. *Id.* at 1-2.

  On July 8, 2024, the Clerk of the Court issued summonses for the newly added co-defendants (including Patterson and Woods). (Docs. 83, 84). Plaintiffs failed to file executed summonses for Patterson and Woods within 90 days as required under Rule 4(m) of the Federal

1  Rules of Civil Procedure. Accordingly, on October 17, 2024, the Court ordered Plaintiffs to show
2  cause why Patterson and Woods should not be dismissed from the action for failure to timely effect
3  service of process. (Doc. 111). On October 21, 2024, Plaintiffs timely filed their response to the
4  order. (Doc. 112).

5  In their response, Plaintiffs represented that Patterson was served with the summons and
6  complaint on October 19, 2024 (two days *after* the Court's issuance of its show cause order), and
7  that they were awaiting receipt of the proof of service. *Id.* at 1-2. As to Woods, Plaintiffs represented
8  that he was not found at the address provided by counsel for Defendants during attempted service
9  on October 19, 2024 (two days *after* the Court's issuance of its show cause order) and that the
10 process server spoke with an individual (who was not Woods) residing at the address. Plaintiffs
11 requested additional time to complete service upon Woods, stating that they were "dealing with
12 unexpected matters" related to alleged despoiled evidence. *Id.* at 2.

13 **Discussion**

14 Federal Rule of Civil Procedure Rule 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

19 "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed
20 time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)
21 (citations omitted). "First, upon a showing of good cause for the defective service, the court must
22 extend the time period. Second, if there is no good cause, the court has the discretion to dismiss
23 without prejudice or to extend the time period." *Id.*

24 Here, Plaintiffs' response to the Court's show cause order indicates they did not make
25 attempts to timely effect service upon Defendant Woods until *after* Rule 4(m)'s 90-day deadline
26 had expired.  Plaintiffs offer no reasonable explanation for delaying more than 90 days after
27 issuance of the summons before attempting to effect service and, in the three weeks since the
28 Court's show cause order, have offered no basis for finding good cause to excuse their continuing

failure to timely effect service. Although, in their response to the show cause order, Plaintiffs refer to certain issues that have delayed discovery (Doc. 112 ¶¶ 4-9), they make no attempt to argue or suggest that such discovery delays impact their ability to timely effect service. Moreover, Plaintiffs commenced this action more than 20 months ago – the original case management dates have been modified four times and the operative amended complaint was filed more than four months ago. Extending any additional time to Plaintiffs to effect service on Defendant Woods unquestionably would result in prejudice to Defendants, the active discovery schedule and this Court's ability to manage its docket. On these facts, the Court exercises its broad discretion to decline to extend the time within which Plaintiffs may effect service of process upon Defendant Woods.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Defendant Deputy Woods is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

The Clerk of the Court is DIRECTED to terminate Defendant Woods and update the docket accordingly.

IT IS SO ORDERED.

Dated:   **November 7, 2024**

UNITED STATES MAGISTRATE JUDGE