UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAIN DEVEROUX AND JENNIFER VALLE, individually, and as successors in interest of JULIEN DEVEROUX,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00239-CDB<br><br>ORDER GRANTING PARTIES' STIPULATED REQUEST TO AMEND CASE MANAGEMENT DATES AS MODIFIED<br><br>ORDER GRANTING LEAVE FOR PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>(Doc. 120)<br><br>**7-DAY DEADLINE** |

**Background**

Pending before the Court is the parties' fourth[1] joint stipulated request to amend the scheduling order and for leave for Plaintiffs to file a second amended complaint. (Doc. 120).

In support of the request, the parties recount the procedural posture of the case and represent that Plaintiff suffered delays regarding his request for bodily fluid samples from the Kern County coroner, due to both the Borel fire and the fact that a vitreous humor sample of the decedent received by Plaintiffs on August 14, 2024 from the coroner was "too small for the anticipated testing."

---

[1] The prior three stipulated requests are Docs. 53, 65, and 92.

Plaintiffs "intended to obtain the results from the testing of the vitreous humor sample before retaining an expert pathologist;" however, Plaintiffs represent that, after learning the sample was too small, they then sought to retain a pathologist. Plaintiffs successfully retained an expert pathologist in early-October 2024. On November 1, 2024, Plaintiffs represent that they learned from the expert that the cause of death was sepsis rather than hypertensive heart disease, as was listed in the autopsy report. (Doc. 120 at 2).

In early-November, the parties noticed and took depositions of Plaintiffs and Defendants Parker, McRoberts, and Huckabee. Plaintiffs also state that they received relevant video recordings on both June 12, 2024 and August 19, 2024. Plaintiffs provide that discovering the actual cause of death of decedent "alters the trajectory of the case." Based on these factors, the parties seek modification of the operative scheduling order. *Id.* at 3.

Separately, in their joint stipulated request, the parties provide that a proposed "second amended complaint will simplify the case" and that they "stipulate that Plaintiffs may file an amended complaint no later than November 22, 2024." *Id.*

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

2

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

The parties propose the following extended deadlines (Doc. 120 at 3-4):

| Event | Current Date | New Date |
|---|---|---|
| Nonexpert Discovery Deadline (and Discovery Motion Hearing Deadline) | 01/06/2025 | 04/07/2025 |
| Expert Disclosure Deadline | 12/23/2024 | 02/24/2025 |
| Rebuttal Expert Disclosure Deadline | 12/13/2024 | 03/10/2025 |
| Expert Discovery Deadline | 01/21/2024 | 04/14/2025 |
| Non-Dispositive Motion Filing Deadline | 11/19/2024 | 02/18/2025 |
| Non-Dispositive Motion Hearing | 12/17/2024 | 03/18/2025 |
| Dispositive Motion Filing Deadline | 01/07/2025 | 04/14/2025 |
| Dispositive Motion Hearing | 02/11/2025 | 05/19/2025 |
| Pre-Trial Conference | 04/14/2024 | 07/14/2025 |
| Trial | 06/09/2025 | 09/09/2025 |

In their filing, the parties proposed a new non-dispositive motion hearing deadline for "03/18/2024." The Court presumes the parties intended for the deadline to fall on March 18, 2025.

For good cause shown, the parties' stipulated request to amend the scheduling order and for leave for Plaintiffs to file a second amended complaint (Doc. 120) will be granted.

Plaintiffs did not submit a proposed amended complaint as required by the Court's Local Rules. *See* Local Rule 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave…If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules…").

3

Accordingly, Plaintiffs are directed to file a second amended complaint within seven (7) days of service of this order. Defendants shall have 14 days after the filing of Plaintiff's second amended complaint to respond.

**Conclusion and Order**

In light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Docs. 48, 54, 66, 93) be amended as follows:

1. Nonexpert Discovery deadline extended from January 6, 2025 to **April 7, 2025**.
2. Expert Disclosures extended from December 23, 2024 to **February 24, 2025**.
3. Rebuttal Expert Disclosures extended from December 13, 2024 to **March 10, 2025**.
4. Expert Discovery deadline extended from January 21, 2025 to **April 14, 2025**.
5. Non-Dispositive Motion filing deadline extended from November 19, 2024 to **February 18, 2025**.
6. Non-Dispositive Motion hearing deadline extended from December 17, 2024 to **March 18, 2025**.
7. Dispositive Motion filing deadline extended from January 7, 2025 to **April 14, 2025**.
8. Dispositive Motion hearing deadline extended from February 11, 2025 to **May 19, 2025**.
9. The Pre-Trial Conference is continued from April 14, 2025 to **July 14, 2025**.
10. Trial is continued from June 9, 2025 to **September 9, 2025**.

IT IS FURTHER ORDERED:

1. No later than seven (7) days after service of this order, Plaintiff SHALL FILE as a stand-alone docket entry the second amended complaint proposed in the parties' stipulated request (Doc. 120); and

///

///

2. Defendants shall respond to the second amended complaint within 14 days of its filing (*see* Fed. R. Civ. P. 15(a)(3)).

IT IS SO ORDERED.

Dated:   **November 19, 2024**                    _____

UNITED STATES MAGISTRATE JUDGE