1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ALAIN DEVEROUX AND JENNIFER<br>VALLE, individually, and as successors in<br>12  interest of JULIEN DEVEROUX, | Case No. 1:23-cv-00239-CDB |
| 13                 Plaintiffs, | ORDER GRANTING PARTIES'<br>STIPULATED REQUEST TO AMEND<br>CASE MANAGEMENT DATES |
| 14         v. | |
| 15  COUNTY OF KERN, *et al.*, | (Doc. 153) |
| 16                 Defendants. | ORDER CONTINUING TRIAL DATE |

17

18

19   **<u>Background</u>**

20        Pending before the Court is the parties' fifth[1] joint stipulated request to amend the

21   scheduling order.  (Doc. 153).  In support of the request, the parties represent that discovery

22   deadlines should be extended due to the addition of new defendants in the second amended

23   complaint, filed on November 26, 2024 (Doc. 125).  (Doc. 153 at 1).

24        Separately, in their joint stipulated request, the parties request the pre-trial conference date

25   be advanced because of a scheduling conflict with Plaintiffs' counsel.  *Id.* at 1-2.

26   ///

27   ///

28   ─────────────────────

[1] The prior four stipulated requests are Docs. 53, 65, 92, and 121.

**<u>Discussion</u>**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Wong v. Regents of Univ. of Cal*., 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

The parties propose the following extended deadlines (Doc. 153 at 2):

| Event | Current Date | New Date |
|---|---|---|
| Nonexpert Discovery Deadline (and Discovery Motion Hearing Deadline) | 04/07/2025 | 05/17/2025 |
| Expert Disclosure Deadline | 02/24/2025 | 04/14/2025 |
| Rebuttal Expert Disclosure Deadline | 03/10/2025 | 04/28/2025 |
| Expert Discovery Deadline | 04/14/2025 | 05/16/2025 |
| Pre-Trial Conference | 07/14/2025 | 07/07/2025 |

For good cause shown, the parties' stipulated request to amend the scheduling order (Doc. 153) will be granted. Additionally, to accommodate the Court's schedule, the trial date will be continued from September 9, 2025, to September 16, 2025. All other dates shall remain unmodified.

**Conclusion and Order**

In light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Docs. 48, 54, 66, 93, 122) be amended as follows:

1.    Nonexpert Discovery deadline extended from April 7, 2025, to **May 17, 2025**.

2.    Expert Disclosures extended from February 24, 2025, to **April 14, 2025**.

3.    Rebuttal Expert Disclosures extended from March 10, 2025, to **April 28, 2025**.

4.    Expert Discovery deadline extended from April 14, 2025, to **May 16, 2025**.

5.    The Pre-Trial Conference advanced from July 14, 2025, to **July 7, 2025**.

6.    Trial is continued from September 9, 2025, to **September 16, 2025**.

IT IS SO ORDERED.

Dated:   **February 24, 2025**                    _____

UNITED STATES MAGISTRATE JUDGE

3