UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAIN DEVEROUX AND JENNIFER VALLE, individually, and as successors in interest of JULIEN DEVEROUX,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00239-CDB<br><br>ORDER SETTING EXPEDITED BRIEFING SCHEDULE FOR PLAINTIFFS' MOTIONS TO STRIKE<br><br>(Docs. 182, 183, 184)<br><br>ORDER HOLDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND BRIEFING SCHEDULE THERETO IN ABEYANCE<br><br>(Docs. 178, 179)<br><br>ORDER DIRECTING PARTIES TO FILE JOINT REPORT |

**Background**

Plaintiffs, as individuals and co-successors in interest of Julien Deveroux (the "Decedent"), initiated this action with the filing of a complaint against Defendants on February 15, 2023. (Doc. 1). On October 4, 2023, the Court entered the scheduling order setting forth the case management dates. (Doc. 48). On May 15, 2025, the Court granted the parties' eighth stipulated request to amend the scheduling order. (Doc. 164). Pursuant to the amended scheduling order, the operative non-expert discovery deadline and dispositive motion deadline was August 7, 2025. The opposition

1  deadline for any dispositive motion is August 28, 2025.  *Id.* at 3.

2  Pending before the Court are two motions for summary judgment, both filed on August 7, 2025.  The first motion was filed by numerous County Defendants.  (Doc. 178).  The second motion was filed by Defendant Nicholas Torrez.  (Doc. 179).

On August 11, 2025, Plaintiffs filed two motions to strike, one for each aforementioned motion for summary judgment.  (Docs. 182-184).

**Discussion**

**A.  Representations in Plaintiffs' Motions to Strike**

In their motions to strike, Plaintiffs assert that counsel for Defendants failed to meet and confer as required in the scheduling order (Doc. 48).  Specifically, counsel for Plaintiffs Jeff Dominic Price declares that the representations of Stephanie Virrey Gutcher, counsel for County Defendants, regarding meet and confer communications with Plaintiffs were "misleading and incorrect."  (Doc. 182-1 ¶ 3).  Mr. Price states that conversations were "brief and sporadic," "did not involve any substantive discussion of any specific arguments, theories, claims," and "never involved any specific facts of the type that would appear in a statement of undisputed facts."  *Id.*  Mr. Price provides that counsel for County Defendants "did not attempt to meet and confer on any specific factual statements or on a statement of undisputed facts until the afternoon of August 1, 2025," when her staff sent a statement of undisputed facts to Mr. Price "without any warning."  *Id.*  Mr. Price declares that this violation of the provisions of the scheduling order resulted in prejudice to Plaintiffs due to resulting changes regarding the noticing of depositions, as upon failure of the County Defendants to serve a proposed statement of undisputed facts, Mr. Price "determined that the Defendants were not going to file a motion for summary judgment."  *Id.* ¶¶ 4-9.

Regarding the motion for summary judgment filed by Defendant Torrez, Mr. Price declares that the statements in the declaration of counsel for Torrez, Lia Hsu, concerning meet and confer discussions are "misleading" and do not "show compliance with the Scheduling Order."  (Doc. 184-1 ¶ 3).  Mr. Price states that "no discussions were initiated until Tuesday, August 5, 2025," when Ms. Hsu informed Mr. Price that Torrez intended to file a motion for summary judgment, only after Mr. Price "copied Ms. Hsu on an email to Ms. Gutcher informing her that the deadlines

1  set forth in the Scheduling Order for meeting and conferring … had passed." *Id.* Mr. Price states
2  that he informed Ms. Hsu that the relevant deadlines in the scheduling order had passed; Ms. Hsu
3  stated that the scheduling order was "issued before Nicholas Torrez had been served as a defendant
4  in this case." *Id.* ¶ 4. Mr. Price asserts that he received an email from counsel for Torrez, David
5  Reis, on August 7, 2025, listing issues that Torrez "intended to raise in a motion for summary
6  judgment," and sending a proposed statement of undisputed facts later that same day. *Id.* ¶¶ 8-9.
7  Mr. Price provides that, after Torrez did not serve the statement of undisputed facts or initiate a
8  conference on any motion for summary judgment by the deadlines established in the scheduling
9  order, he "assumed that they were not going to file a motion for summary judgment." *Id.* ¶ 10. Mr.
10 Price declares that this violation of the provisions of the scheduling order resulted in prejudice to
11 Plaintiffs due to deprivation of several weeks' time to prepare an opposition to any such motion
12 and "to conduct discovery in response to Defendant's theory of the case." *Id.* ¶ 11.

### B. Analysis

District courts have "inherent power" to control their dockets. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Here, the operative scheduling order (Docs. 48, 164) directs that any opposition to Defendants' motions for summary judgment, both filed on August 7, 2025, must be filed no later than August 28, 2025. *See* (Doc. 164). Plaintiffs' motions to strike relate to Defendants' motions for summary judgment and were filed on August 11, 2025. Pursuant to Local Rule 230, any opposition to said motions to strike would need be filed no later than August 25, 2025, and any optional reply no later than September 4, 2025. *See* L.R. 230(c)-(d).

Plaintiffs' motions to strike challenge Defendants' compliance with relevant provisions of the scheduling order as to the pending motions for summary judgment. *See* (Docs. 182, 184). As such, and to avoid potentially unnecessary or duplicative briefing, the Court finds good cause to hold Defendants' motions for summary judgment in abeyance pending disposition of Plaintiffs' motions to strike. Additionally, to that end, the Court finds it appropriate to expedite the briefing schedule for Plaintiffs' motions to strike. *See, e.g., ExxonMobil Oil Corp. v. Nicoletti Oil, Inc.*, No. 1:09CV1498 AWI DLB, 2012 WL 4468538, at *1 (E.D. Cal. Sept. 25, 2012) (setting expedited

briefing schedule on motion to amend complaint).

Furthermore, based on the representations in counsel for Plaintiffs' declarations (Docs. 182-1, 184-1) and as a result of Defendants' motions for summary judgment being held in abeyance, the Court anticipates that the current case management dates may be implicated. As such, the Court will direct the parties to meet and confer and file a joint report regarding any mutually agreeable modifications to the dates in the operative scheduling order (Doc. 164). Briefing on Plaintiffs' pending motion for sanctions (Doc. 180) shall not be impacted by this order.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants SHALL FILE their oppositions or statements of non-opposition to Plaintiffs' motions to strike (Docs. 182, 184) no later than **August 18, 2025**;

2. Plaintiffs' SHALL FILE any optional replies no later than **August 22, 2025**;

3. Defendants' motions for summary judgment (Docs. 178, 179) are HELD IN ABEYANCE pending resolution of Plaintiffs' motions to strike;

4. The dispositive motion opposition deadline (August 28, 2025) and the resulting optional reply deadline (September 8, 2025), as set forth in the operative scheduling order (Doc. 164), are VACATED; and

5. The parties are DIRECTED to meet and confer and file a joint report no later than **August 15, 2025**, setting forth any mutually agreeable modifications to the dates in the operative scheduling order (Doc. 164).

IT IS SO ORDERED.

Dated:   **August 11, 2025**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE