UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAIN DEVEROUX AND JENNIFER VALLE, individually, and as successors in interest of JULIEN DEVEROUX,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00239-CDB<br><br>ORDER DIRECTING COUNTY DEFENDANTS TO FILE REQUEST TO SEAL OR NOTICE OF NON-OPPOSITION<br><br>(Docs. 204, 212)<br><br>ORDER DIRECTING COUNTY DEFENDANTS TO FILE RESPONSE TO PLAINTIFFS' REQUEST TO DISMISS DEFENDANT TORREZ PURSUANT TO FED. R. CIV. P. 41(a)(2)<br><br>(Doc. 216) |

Pending before the Court are two separate filings by Plaintiffs. On September 12, 2025, Plaintiffs filed a request for leave to file under seal an exhibit to their opposition to Defendants' motion for summary judgment. (Doc. 204). After the Court denied the request without prejudice (Doc. 207), Plaintiffs filed a response (Doc. 212). Separately, on September 22, 2025, Plaintiffs filed a request for court order dismissing Defendant Torrez from the action with prejudice, pursuant to Rule 41(a)(2), Fed. R. Civ. P. (Doc. 216). The Court will address each filing in turn.

///

**Request to Seal Exhibit in Plaintiffs' Opposition**

On September 12, 2025, Plaintiffs filed a request for leave to file under seal Exhibit 29 to their opposition to County Defendants' motion for summary judgment. (Doc. 204). The Court denied the request without prejudice, noting that it failed to comply with Local Rule 141 and, in merely referring to the parties' protective order, failed to articulate a compelling basis for sealing under *Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462 (9th Cir. 1990). The Court directed Plaintiffs to file a compliant request to seal within seven days. (Doc. 207). On September 22, 2025, Plaintiffs filed a response to the Court's order. (Doc. 212).

In their response, Plaintiffs assert that Exhibit 29 contains the "official [Kern County Sheriff's Office] Personnel Complaint and Investigation documents" pertaining to Defendant Cole Austin McRoberts and "[d]uring discovery this document was marked confidential by the Defendants." *Id.* at 1. Plaintiffs assert that though disclosure of said documents "may cause embarrassment to Defendant McRoberts," there are no compelling reasons to support closure of the documents. *Id.* at 2. Counsel for Plaintiffs, Jeff Dominic Price, declares that he conferred with Stephanie Virrey Gutcher, counsel for the County Defendants, by email, with Ms. Gutcher indicating that disclosure would subject Defendant McRoberts to embarrassment and, possibly, annoyance and undue burden, as well as potentially affecting his ability to obtain employment. *Id.* at 3, ¶ 2. Plaintiffs contend that disclosure may further "the public's interest in understanding the operation of the Kern County Sheriff's Office" and request that Exhibit 29 be filed publicly on the docket or, in the alternative, the documents be redacted rather than sealed. *Id.* at 2.

The Court will direct Defendants to file either a request to seal the records pursuant to Local Rule 141 and the *Oregonian Publ'g* factors or a notice of non-opposition to the filing of Exhibit 29 on the public docket. *See Monterrosa v. City of Vallejo*, No. 2:20-CV-01563-DAD-SCR, 2025 WL 1678404, at *3 (E.D. Cal. June 13, 2025) (denying plaintiffs' renewed request to seal for failure to provide compelling reasons and directing defendant to file request to seal or non-opposition to public filing of records).[1]

---

[1] Notwithstanding the undersigned directed Plaintiffs to file and lodge an application to seal that complies with Local Rule 141 (including the requirement to lodge a copy of the

**Request for Dismissal of Defendant Torrez**

On August 29, 2025, Plaintiffs filed a notice of settlement as to Defendant Nicholas Torrez. (Doc. 193). After the Court directed the parties to file dispositional documents as to Defendant Torrez (Doc. 195), Plaintiffs filed a stipulation for dismissal of Defendant Torrez signed by counsel for Plaintiffs and counsel for Defendant Torrez, but without signature of counsel for the County Defendants (Doc. 211). Because the stipulation was not signed by all appearing parties, the Court declined to take action on the stipulation. (Doc. 213; citing Fed. R. Civ. P. 41(a)(1)(A)(ii)). On September 22, 2025, Plaintiffs filed a similar stipulation, again signed only by counsel for Plaintiffs and counsel for Defendant Torrez, seeking dismissal of Defendant Torrez pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. 216). To inform the Court's assessment as to whether such dismissal is proper under Rule 41(a)(2), the Court will direct the County Defendants to file a statement of opposition or non-opposition to the dismissal.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. County Defendants SHALL FILE, no later than **September 30, 2025**, a request to seal the documents contained in Exhibit 29 to Plaintiffs' opposition to County Defendants' motion for summary judgment (Docs. 202, 212) or, alternatively, a notice of non-opposition to the filing of Exhibit 29 on the public docket. In any such filing, County Defendants SHALL LODGE Exhibit 29 consistent with Local Rule 141; and

2. County Defendants SHALL FILE, no later than **September 26, 2025,** a statement of opposition or non-opposition to Plaintiffs' request for dismissal of Defendant Torrez (Doc. 216).

IT IS SO ORDERED.

Dated:   **September 23, 2025**                              _____
                                                              UNITED STATES MAGISTRATE JUDGE

---

document to be sealed), the Court still does not have a copy of Exhibit 29. Thus, the Court will direct Defendants to lodge Exhibit 29 with chambers of the undersigned in a manner consistent with Local Rule 141.