UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAIN DEVEROUX AND JENNIFER VALLE, individually, and as successors in interest of JULIEN DEVEROUX,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00239-CDB<br><br>ORDER DENYING DEFENDANTS' REQUEST TO SEAL<br><br>(Docs. 204, 212, 220)<br><br>**SEVEN-DAY DEADLINE** |

On September 12, 2025, Plaintiffs filed a request for leave to file under seal Exhibit 29 to their opposition to Defendants' motion for summary judgment. (Doc. 204).[1] The Court denied the request without prejudice, noting that it failed to comply with Local Rule 141 and failed to articulate a compelling basis for sealing, and directed Plaintiffs to file a proper request to seal within seven days. (Doc. 207).

On September 22, 2025, Plaintiffs filed a response to the Court's order in which they disavowed their earlier request to seal Exhibit 29 and, instead, requested that the document be filed publicly. (Doc. 212). Thereafter, the Court directed Defendants to file a request to seal the records or a notice of non-opposition to Plaintiffs' request to file Exhibit 29 on the publicly-accessible

---

[1] Exhibit 29 is referred, but not attached, to the "Declaration of Jeff Dominic Price In Support of Plaintiffs' Opposition to Motion for Summary Judgment" (*see* Doc. 202).

1

docket. (Doc. 217). Defendants filed a notice of request to seal Exhibit 29 of Plaintiffs' opposition. (Doc. 220). Consistent with Local Rule 141, the request and relevant documents were lodged with the Court for *in camera* review. Defendants' notice (Doc. 220) reflects that the documents to be sealed were also transmitted to counsel for Plaintiffs.

**Governing Law**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where, as here, a party seeks to bar the public from accessing a litigation document in connection with a dispositive motion (*i.e.*, a motion for summary judgment), this presumed right can be overcome if that party demonstrates "compelling reasons" supported by specific factual findings why sealing the record outweighs the historical preference for disclosure. *Kamakana*, 447 F.3d at 1178-79. "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotations and citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

2

1  The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard, which is a "high threshold." *Id.* at 1180.

**Discussion**

The documents requested to be sealed consist of an internal investigation conducted by the Kern County Sheriff's Office ("KCSO") regarding compliance of Defendant Cole Austin McRoberts with the Rules of the Kern County Civil Service Commission, KCSO Detentions Bureau Policies and Procedures, and Pre-Trial Facility Policies and Procedures.

Defendants articulate that Defendant McRoberts has a privacy interest in his personnel files. Defendants cite to decisions of California courts in support of the proposition that state law provides a right of privacy to an employee's personnel files. Defendants concede, however, that state law also sets forth that, where a disciplinary investigation reveals allegations of a substantial nature with reasonable cause to believe the complaint is well-founded, the privacy rights of public employees must give way to the rights of the public. Defendants' primary argument is that, though findings were sustained that Defendant McRoberts committed rules violations, said violations did not result in Julien Deveroux's ("Decedent") passing. Defendants assert that public release of the investigation report could be inflammatory and used to prevent Defendant McRoberts obtaining employment, and that, as the documents are irrelevant, said factors outweigh the public's interest in their disclosure.

As a preliminary matter, the mere fact that the parties have entered into a protective order in this action (Doc. 52) does not, by itself, rebut the presumption of access to court records. *See Gregory v. City of Vallejo*, No. 2:13-CV-00320-KJM, 2014 WL 4187365, at *3 (E.D. Cal. Aug. 21, 2014) ("Here, the issuance of the protective order under which plaintiffs seek to seal the discovery documents at issue did not involve the court identifying and discussing the 'compelling reasons' standard. Accordingly, the presumption of access to court records is not rebutted simply because the court has entered the stipulated protective order."). In their protective order, the parties acknowledged that they must comply with Local Rules 140 and 141 when seeking to file documents that they have deemed confidential. (Doc. 52 at 5).

Turning to the request, first, Defendants' arguments concerning irrelevance are unavailing.

The report concerns the behavior of personnel on staff in the area of the facility housing Decedent on the day of his passing, as set forth in Defendants' motion for summary judgment. (Doc. 178 at 8-9, 12, 21, 28-29). As such, the report is relevant to the issues raised in Defendants' motion for summary judgment and Plaintiffs' opposition (Doc. 205).

Second, Defendants' assertions that the report is or could be inflammatory or could result Defendant McRoberts being unable to obtain unidentified employment also fail to establish a sufficient basis to seal the records. The report was created as a result of official action by KCSO to investigate the conduct of one of its officers. Further, the report does not involve personal actions separate from official functions; it is an investigation into the compliance of Defendant McRoberts with applicable policies and procedures in the hours leading up to Decedent's death. *See Macias v. Cleaver*, No. 1:13-CV-01819-BAM, 2016 WL 3549257, at *4 (E.D. Cal. June 30, 2016) (unsealing police internal investigation documents and noting that "this Court must refuse requests to engage in damage control on behalf of the Defendants … the public has a vested interest in assessing the truthfulness of allegations of official misconduct, and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely") (citation and quotation omitted); *Rezaipour v. Cnty. of Los Angeles*, No. CV-12-05005-MWF (VBKx), 2014 WL 12852448, at *3 (C.D. Cal. May 14, 2014) (declining to seal letters to the plaintiff informing him of the results of two internal investigations of him); *see also Est. of Neil v. Cnty. of Colusa*, No. 2:19-CV-02441-TLN-DB, 2020 WL 5535448, at *3 (E.D. Cal. Sept. 15, 2020) (noting that broad allegations of harm that are unsubstantiated by specific examples or articulated reasoning fail to satisfy "even the less stringent good cause standard") (citation omitted).

Third, Defendants' reliance on privacy provisions pursuant to state law and *Lucy Chi v. University of Southern California*[2] are misplaced. In *Lucy Chi*, the Central District of California discussed a party's citation to state law in support of a right to privacy of employment files concerning a motion to unseal documents. The court noted that, "none of the parties explain why or how any rights of privacy developed under the Freedom of Information Act, or under California

---

[2] No. 2:18-CV-04258-SVW-GJS, 2019 WL 3315282 (C.D. Cal. May 21, 2019).

4

law, would be relevant to a request to unseal records in this federal litigation." The court found that, regardless, any such right "is not absolute. Under California law, 'where complaints of a public employee's wrongdoing and resulting disciplinary investigation reveal allegations of a substantial nature, as distinct from baseless or trivial, and there is reasonable cause to believe the complaint is well founded, public employee privacy must give way to the public's right to know.'" *Lucy Chi*, 2019 WL 3315282, at *8 (quoting *Bakersfield City Sch. Dist. v. Superior Court*, 118 Cal. App. 4th 1041, 1046 (2004)).

Defendants quote this same passage from *Bakersfield City School District* in their request. However, taken in context of this action, said quotation cuts against the argument for sealing. Even assuming provisions of state law can further an analysis of "compelling interest" in federal court, as noted above, the report at issue is an internal investigation of a public employee's potential wrongdoing and the violations discussed in the report are not baseless or trivial. Rather, they concern actions of personnel on staff the night of Decedent's passing and whether such actions were in compliance with applicable policies, an issue central to the action. As such, even if the Court were to credit Defendants' arguments pertaining to state law as relevant, they would not support a basis for "compelling interest" herein. *See Gregory*, 2014 WL 4187365, at *3 ("In a federal question case, however, federal common law applies and a state statute, without more, does not shield disclosure in federal court or rebut the strong presumption in favor of public access to judicial records.").

Lastly, Defendants provide a pin cite to *Pryor v. City of Clearlake*[3] without any supporting explanation. Upon review, the Court finds *Pryor* to be readily distinguishable. The *Pryor* court found compelling interests to seal two internal affairs investigations lodged against a police officer, the first related to a party hosted at the officer's home and the second related to failure to follow department policies regarding confidentiality. As to the first, the investigator determined the complaint to be unfounded and the court noted the documents were not probative of the plaintiff's claims. The court concluded that, as the documents contained the officer's private identification

---

[3] No. C 11-0954 CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012).

and contact information regarding an unfounded complaint that was irrelevant to the defendants' motion for summary judgment, compelling interests outweighing the public's interest in disclosure existed to seal the documents.  As to the second, the court determined that the incidents were not probative of the plaintiff's claims and, although the officer was reprimanded, the private nature of the documents and their irrelevance outweighed the public's interest in disclosure.  *Pryor*, 2012 WL 3276992, at *3.  As discussed above, none of the supporting factors as found by the *Pryor* court are present here.

Thus, the Court will deny Defendants' request to seal Exhibit 29 to Plaintiffs' opposition to Defendants' motion for summary judgment (Doc. 220).  The Court will direct Defendants to submit to Plaintiffs a redacted copy of Exhibit 29, redacting only sensitive personal information (*e.g.*, the home address of Defendant McRoberts as listed on COK-12701 and COK-12716).  Defendants are advised that any such redactions must be narrowly tailored to redact only such sensitive personal information.  Plaintiffs will be directed to meet and confer with Defendants if they object to any redactions consistent with this order, or otherwise, to file the redacted version of Exhibit 29 as a standalone docket entry.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Defendants' request to file sealed documents (Doc. 220) is DENIED.
2. **Within seven (7) days** of the date of this Order, Defendants SHALL provide to Plaintiffs a proposed, redacted copy of Exhibit 29, redacting only sensitive personal information.
3. **Within seven (7) days** thereafter, Plaintiffs shall either (1) meet and confer with Defendants if they object to any redactions in an effort to resolve any objections, or otherwise, (2) file the redacted version of Exhibit 29 as a standalone docket entry.

IT IS SO ORDERED.

Dated:  **October 3, 2025**

UNITED STATES MAGISTRATE JUDGE